BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -1 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SOUTHERN RAILWAY EMPLOYMENT ) DOCKET NO. 311
PRACTICES LITIGATION )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

   This litigation consists of two actions pending in two federal districts -- one in the Southern District of Ohio and one in the Eastern District of Kentucky.  Named as defendants in both actions are the Southern Railway Company (the Southern); the Southern Railway System; the Cincinnati, New Orleans and Texas Pacific Railway (the CNO & TP);[1] and the United Transportation Union (UTU) and certain of its local unions.  Additional defendants in the Kentucky action are the Brotherhood of Locomotive Engineers, the UTU-Engineering, and certain of the local unions of both.  The two actions have been brought under, inter alia, Title VII of the Civil Rights Act and 42 U.S.C. §1981.  Plaintiffs in both actions allege that the defendant railroads have maintained hiring, promotion, training, testing and seniority practices which

---

\*    Judge Lord took no part in the decision of this matter.
[1]  The relationship between the CNO & TP and the Southern is, on the basis of the record before us, unclear.

discriminate against Blacks. The defendant unions are alleged to have failed to represent Blacks adequately in the unions' collective bargaining units, and to have agreed to and acquiesced in the discriminatory practices of the railroads. Plaintiffs in both actions seek declaratory and injunctive relief, damages and attorneys' fees.

The Ohio action was instituted by a single individual who apparently is an employee of the CNO & TP. Two classes, each of which is comprised of Black employees of the CNO & TP who have been members of the UTU and have worked as trainmen, switchmen, conductors, firemen or engineers, have been certified in that action -- one for §1981 claims covering employment since November 1963, and one for Title VII claims covering employment since late October 1970.

The Kentucky action was instituted by five individual employees of the CNO & TP and/or the Southern on behalf of a purported class consisting of all Black employees of the CNO & TP and/or the Southern who allegedly have been adversely affected by the discriminatory employment practices of those defendants, and also consisting of all Blacks who allegedly have been denied employment or have been deterred from seeking employment with the CNO & TP and/or the Southern because of the discriminatory employment practices of those defendants.

Plaintiffs in the Kentucky action have moved, pursuant to 28 U.S.C. §1407, for transfer of the Kentucky action to the Southern District of Ohio for coordinated or consolidated pretrial proceedings with the Ohio action. The named

plaintiff in the Ohio action favors transfer. All defendants oppose transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, and, accordingly, we deny the motion to transfer.

Plaintiffs in the Kentucky action contend that these actions share numerous complex questions of fact relating to the hiring, promotion, training, testing and seniority practices of the CNO & TP and/or the Southern, and the acceptance by the UTU of an inadequate and discriminatory hiring system for minorities. These plaintiffs also assert that the classes certified in the Ohio action and the class for which representation is sought in the Kentucky action overlap. Therefore, they maintain, transfer is necessary to avoid duplicative discovery and to prevent inconsistent rulings on class action issues.

We find these arguments unpersuasive. Only two actions are involved here. Although we recognize that these actions involve common questions of fact, we are not convinced that those common factual questions are sufficiently complex or that the accompanying discovery on those issues will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). In addition, we recognize that the classes certified in the Ohio action and the class for which certification is sought in the Kentucky action overlap. We are convinced, nevertheless, that the circumstances of this litigation do not warrant transfer and that communication

and cooperation between the two concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to prevent any duplicative discovery and minimize the possibility of conflicting class determinations or other pretrial rulings. See In re Westinghouse Electric Corporation Employment Discrimination Litigation, ____ F. Supp. ___, ____ (J.P.M.L., filed October 12, 1977) (slip opinion at 5-6); Manual For Complex Litigation, Part I, §5.40 (rev. ed. 1977). See also In re Pan American World Airways, Inc. Maternity Leave Policies Litigation, 414 F. Supp. 1232, 1234 (J.P.M.L. 1976).

Another factor weighing against transfer is the relative pretrial status of the two actions. The Ohio action has been pending for over three years and considerable pretrial proceedings have occurred in that action. In contrast, the Kentucky action has been filed recently and pretrial proceedings are in the early stages. Therefore, the just and efficient conduct of each action can best be furthered, and the convenience of the parties and witnesses can best be served, by leaving the actions in their respective districts. See In re Braniff Airways, Inc. Employment Practices Litigation, 411 F. Supp. 798, 800 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 311 |

### EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| James L. Stallworth, et al. v. Southern Railway System, et al. | Civil Action No. 76-180 |

### SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Mzell Williams v. Southern Railway Systems, et al. | Civil Action No. C 1 74-442 |